UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN J. ROBINETTE, | ) | Case No. 1:07 CV 2141 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | (Resolving ECF # 17). |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Kevin J. Robinette filed this appeal seeking judicial reversal under 42 U.S.C. §405(g) and §1383(c)(3) from the administrative denial of disability insurance benefits and supplemental security incomes. At issue is the ALJ's decision dated July 21, 2006, which stands as the final decision of the Commissioner. See 20 C.F.R. §404.981, §416.1481 . The parties consented to the jurisdiction of the Magistrate Judge for all further proceedings including entry of judgment in accordance with 28 U.S.C. §636(c) and Rule 73 of the Federal Rules of Civil Procedure.

Robinettte has filed his brief as instructed, but this has been met with the Commissioner's motion for a sentence four remand under §405(g). [1] Sentence four of §405(g) reads, "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.... ." and see *Shalala v. Schaefer,* 509 U.S. 292, 297, 113 S.Ct. 2625, 2629 125 L.Ed.2d 239

---

[1] "In cases reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the Secretary[ now Commissioner] are set forth in sentence four and sentence six of § 405(g)[.]" *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625, 2629, 125 L.Ed.2d 239 (1993)

1:07 CV 2141                                            2

(1993). "[O]ne does not earn "prevailing party" status by simply obtaining a remand for further proceedings before the agency from which he appealed. *Marshall v. Commissioner of Social Sec.*, 444 F.3d 837, 840 (6th Cir.2006), citing *Sullivan v. Hudson*, 490 U.S. 877, 887, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989). However, "a sentence-four remand, . . .terminates the litigation with victory for the plaintiff. *Shalala v. Schaefer,* 509 U.S. at 301, 113 S.Ct. at 2631. So, in effect the Commissioner's motion for remand operates as a concession that the administrative decision denying benefits was not supported by substantial evidence since the Commissioner clearly is not seeking an affirmance or judicial modification.

What the Commissioner seeks is remand to be followed by a *de novo* hearing, update and development of the record and to issue a new decision. This sounds suspiciously like a sixth sentence request for remand, but that ship had sailed when the Commissioner filed his answer.[2] So, there is no question that a remand is going to result. The question is whether the remand will be a reversal with remand for new decision or will be for the payment of benefits. In this circuit, the Commissioner's decision may be reversed and benefits awarded only when the Commissioner's decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking. *Newkirk v. Shalala*, 25 F.3d 316 (6th Cir. 1994); *Faucher v. Secretary*, 17 F.3d 171,

---

[2] 42 U.S.C. § 405 's sixth sentence reads:
 The court may, on motion of the Commissioner of Social Security made for good cause shown **before the Commissioner files the Commissioner's answer**, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . .

1:07 CV 2141                                     3

176 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985); and see *Lashley v. Secretary*, 708 F.2d 1049 (6th Cir. 1983).

*Background:*

Robinette was 33 years old at the time of the administrative law judge's decision, a "younger person," as defined by Social Security. (Tr. 16). Robinette's only work experience was that of a landscape laborer. (Tr. 16). Robinette did not finish high school. (Tr. 16, 73-110). Testing his senior year showed he read at a fourth grade level and had only eighth grade math skills. ( Tr. 83). More recent reading tests showed Mr. Robinette could read only at a 5.3 grade level. (Tr. 179). Robinette never obtained a GED. (Tr. 369).

Robinette's struggles with mental impairments have been longstanding. The ALJ found the severity of his affective disorder meets the criteria of listed impairments under 20 C.F.R. Part 404, Subpt. P, App. 1, §12.04. (Tr. 18). However, due to Robinette's history of substance abuse, this finding was discounted under 20 C.F.R. §404.1535 and §416.935.

The ALJ found that: Robinette would not have a medically determinable mental impairment if he stopped drinking or taking drugs (Finding #6); drug addiction is a contributing factor material to the determination (Finding #7); considering the evidence without regard to alcohol use, Robinette's impairments would not meet or equal the criteria of any listed impairment (Finding #8); Robinette does not have a medically determinable mental impairment without alcohol use and accordingly there is no basis to ascribe any limitation on his basic work activities (Finding #10); Robinette can perform his past relevant work as landscape helper. (Finding # 12). (Tr. 21).

1: 07 CV 2141                                            4


*Arguments:*

      Robinette challenges the Commissioner's decision contending :

  **1. Whether the decision's stated rationale for determining whether substance abuse was a contributing factor material to the issue of disability was legally correct where the decision placed the burden of proof on Robinette to show that his substance abuse was not material to the determination of disability?**

  **2. Whether the decision erred in failing to discuss the weight given to, let alone mention, the opinion of the State agency reviewing psychologist who fully considered the record, including Robinette's substance use, and still found limitations consistent with a disabling impairment?**


*Standard of Review:*

      The issues before this court must be resolved under the standard whether there is substantial evidence in the record to support the Commissioner's decision. Substantial evidence is evidence that a reasonable mind would accept as adequate to support the challenged conclusion. *Casey v. Secretary of Health & Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Wyatt v. Secretary*, 974 F.2d 680, 683 (6th Cir. 1992); *Born v. Secretary*, 923 F.2d 1168, 1173 (6th Cir. 1990); and see *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) (court may "not inquire whether the record could support a decision the other way").


*Sequential Evaluation and Meeting or Equaling the Listing of Impairments:*

      The requisite analysis at the final stages of administrative review is known as the five-step sequential evaluation process. This evaluation begins with the question whether the claimant is engaged in substantial gainful activity and then at the second step whether there is a medically

1: 07 CV 2141                                     5

severe impairment. See §404.1520(a)(4)(i) and (ii) and §416.920(a)(4)(I) & (ii). At the third step of a disability evaluation sequence the issue is whether the claimant has an impairment which meets or equals a listed impairment from the Listing of Impairments of Appendix 1. See 20 C.F.R. §404.1520(a)(iii) and (d); §416.920(a)(iii) and (d). If an impairment exists which meets the description from the listing or is its equivalent, the claimant is deemed disabled at that point without consideration of age, education or prior work experience. See *Bowen v. Yuckert*, 482 U.S. 137, 141, 107 S.Ct. 2287, 2291, 96 L.Ed.2d 119 (1987); *Sullivan v. Zebley*, 493 U.S. 521, 532, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990) (Once a claimant has met this burden that ". . . his impairment matches or is equivalent to a listed impairment, he is presumed unable to work and is awarded benefits without determination whether he can perform his prior work or other work.")."At the fourth step of the sequential approach described in 20 C.F.R. §404.1520, it is the claimant's burden to show that [he] is unable to perform [his] previous type of work." *Dykes ex rel. Brymer v. Barnhart*, 112 Fed. Appx. 463, 467, 2004 WL 2297874, at *3 (6th Cir. 2004)); *Studaway v. Sec'y of Health and Human Services*, 815 F.2d 1074, 1076 (6th Cir. 1987). Once the administrative decision-maker determines that an individual cannot perform past relevant work, then the burden of going forward shifts to the Commissioner at the fifth step to demonstrate the existence of types of employment compatible with the individual's disability. *Allen v. Califano*, 613 F.2d 139 (6th Cir. 1980); *Ellis v. Schweiker*, 739 F.2d 245 (6th Cir. 1984); *Cole v. Secretary*, 820 F.2d 768, 771 (6th Cir. 1987); *Abbott v. Sullivan*, 905 F.2d 918, 926 (6th Cir. 1990).

*Burden of Proof:*

     The ALJ set forth his understanding on the burden of proof:

1: 07 CV 2141                                              6

> The United States Court of Appeals has determined that a claimant bears the burden of proof to show that drug abuse or alcoholism is not material to the determination of their disability. Thus a claimant must provide evidence to show that he would be disabled without consideration of his drug or alcohol use or that his or her disability would remain if he stopped using drugs or drinking. (Tr. 17).

Robinette argues that the regulations concerning materiality do not factor in the determination of disability until after the claimant has shown that he is disabled regardless of substance abuse, and the ALJ "put the cart before the horse" as in *Williams v. Barnhart*, 338 F Supp. 2d 849, 862-63 ( M.D. Tenn. 2004). The Sixth Circuit has yet to consider where the burden of establishing a non-disabling condition rests, on the claimant or on the Commissioner. E.g. *Bartley v. Barnhart* 117 Fed.Appx. 993, 994, 2004 WL 2940845( 6th Cir.2004)(not addressing issue). However, "each circuit to have considered the issue has placed the burden squarely upon the claimant." *Parra v. Astrue,* 481 F.3d 742, 748 (9th Cir.2007), *cert. denied*, 128 S.Ct. 1068 (2008), citing *Doughty v. Apfel*, 245 F.3d 1274, 1276 (11th Cir.2001); *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir.2000); *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir.1999). "[P]lacing the burden on the claimant is practical because the claimant "is the party best suited to demonstrate whether [he] would still be disabled in the absence of drug or alcohol addiction." *Brown*, 192 F.3d at 498; *Parra,* 481 F.3d at 748.

Pursuant to the amendment of 42 U.S.C. §423(d)(2)(C) under the Contract with America Advancement Act (CAAA), "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." Sections 20

1: 07 CV 2141                                             7

C.F.R. 20 C.F.R. §§404.1535 and 416.935 implement the provision setting out the following procedure:

> **How we will determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.**
>
> (a) General. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.
>
> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
>
> (I) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.
>
> 20 C.F.R. §§404.1535 and 416.935.

Under this procedure, the ALJ must consider all evidence in determining whether claimant is disabled. Then the "key factor" under the regulations is whether the Commissioner would still find the claimant disabled if he stopped using drugs or alcohol. If the claimant's remaining limitations would still be disabling, then drug and alcohol addiction would not be a contributing factor. The burden is on the claimant that drug and alcoholism is not a contributing factor material to the disability determination. See *Parra*, 481 F.3d at 748, and cases cited therein. The ALJ did

1: 07 CV 2141 8

apply the correct procedure in finding Robinette disabled (Tr. 17-18) before reevaluating, "what the claimant's mental impairment would be without drug or alcohol abuse." (Tr. 18). The decision did not misplace the burden of proof.

*Emergency Teletype:*

Robinette, though, maintains that the ALJ erred in rejecting the conclusion that he was disabled because "there is no evidence to show what the claimant's mental impairment would be without drug or alcohol abuse." (Tr. 18).This argument requires resolution of the propriety of agency policies and the validity of agency interpretation. "[S]hortly after the law was amended . . . . the Social Security Administration sent out a teletype on applying the new law. This teletype stated that "[w]hen it is not possible to separate the mental restrictions and limitations imposed by [drug and alcohol abuse] and the various other mental disorders shown by the evidence, a finding of 'not material' would be appropriate." App. vol. I, at 44. In other words, the agency directed that if the effects of a claimant's mental illness could not be separated from the effects of substance abuse, the abuse would be found not to be a contributing factor material to the disability determination." *McGoffin v. Barnhart*, 288 F.3d 1248, 1253 (10th Cir. 2002); 2 *Social Security Disability Claims: Practice and Procedure* § 22.19 n. 12 (2nd ed.)("The 1996 EM with Q & A on drug addiction and alcoholism, has been assigned the number EM-96200 (as of April 30, 2003) and can be found on the web at http://policy.ssa.gov click on "our Program Rules." Look for Q & A #29."). However, the Ninth Circuit has rejected the application of this teletype and HALLEX

1: 07 CV 2141                                    9

I-5-3-14A See *Parra v. Astrue,* 481 F.3d at 749. [3] In the Ninth's Circuit' view the agency's interpretation thwarts Congressional intent.

Robinette had no period of abstinence for comparison and he bears the burden to establish that this drug and alcohol addition would not be material. However, the Court acknowledges that earlier decisions have at least viewed the teletype, HALLEX provision or POMS §DI 90070.050(D)(1) favorably in interpreting the application of the regulations implementing the Contract with America Advancement Act. See *McGoffin v. Barnhart ,* 288 F.3d at 1253; *Frankhauser v. Barnhart*, 403 F. Supp.2d 261 (W.D.N.Y. 2005);*Clark v. Apfel*, 98 F. Supp. 2d

---

[3] At most, these sources may represent the agency's unpromulgated interpretation of the statute's phrase "contributing factor material to the determination of disability." Such an interpretation is " 'entitled to respect' " but only to the extent that it has the " 'power to persuade.' " *Christensen v. Harris County*, 529 U.S. 576, 587, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944)). In this case, such an interpretation is unpersuasive because it contradicts the purpose of the statute. As noted above, Congress sought through the CAAA "to discourage alcohol and drug abuse, or at least not to encourage it with a permanent government subsidy." *Ball,* 254 F.3d at 824.FN6 Appellant's proposed rule provides the opposite incentive. An alcoholic claimant who presents inconclusive evidence of materiality has no incentive to stop drinking, because abstinence may resolve his disabling limitations and cause his claim to be rejected or his benefits terminated. His claim would be guaranteed only as long as his substance abuse continues-a scheme that effectively subsidizes substance abuse in contravention of the statute's purpose.FN7

> FN6. See also H.R.Rep. No. 104-379, at 17 (1995) (explaining that the amendment eliminates "a perverse incentive that affronts working taxpayers and fails to serve the interests of addicts and alcoholics, many of whom use their disability checks to purchase drugs and alcohol, thereby maintaining their addictions").

> FN7. The teletype elsewhere explains that a period of abstinence of one month or more is useful to test whether a claimant's substance abuse is material to his disability. Under appellant's interpretation of the teletype, the claimant has no incentive to undergo this period of abstinence, as doing so would only jeopardize his claim.

In sum, we find that Parra bore the burden of proving that his alcoholism was not a contributing factor material to his cirrhosis-related disability.

*Parra v. Astrue,* 481 F.3d at 749 -750.

1: 07 CV 2141                                                                                       10

1182, 69 Soc. Sec. Rep. Serv. 610 (D. Or. 2000); *Pratt v. Apfel*, 2000 WL 1466099 (W.D. Wash. 2000); *Carter v. Apfel*, 2001 WL 40795 (S.D. W. Va. 2001). *Christidis v. Massanari*, 75 Soc. Sec. Rep. Serv. 570, 2001 WL 1160846 (N.D. Ill. 2001); *Stuart v. Barnhart*, 2003 WL 1054014, 85 Soc. Sec. Rep. Serv. 628 (D. Kan. 2003); *Ostrowski v. Barnhart*, 2003 WL 22439585,  91 Soc. Sec. Rep. Serv. 565 (D. Conn. 2003). Under the line of reasoning expressed in these cases Robinette would prevail when the medical evidence is inconclusive.

The Ninth Circuit's view is correct that an agency policy expressed through the teletype, HALLEX and POMS runs counter to Congressional intent by in effect shifting the burden of proof onto the Commissioner when there is no period of sobriety to compare and determine materiality or independence of the severity of the mental impairment from drug and alcohol addiction. There was no error of law in requiring Robinette to produce evidence of what the severity of his mental impairment would be without drug or alcohol abuse.

*Failure to include reference to State Agency Psychologist' report:*

Robinette claims there was clear legal error in the ALJ's failure to mention the report from the non-examining state agency psychologist. (See Tr. 182-197). This report, though, did not go unnoticed and was the basis of the ALJ's hypothetical question posed to the vocational expert at the administrative hearing. (See Tr. 380). Based on the non-exertional factors from this report, the vocational expert testified that Robinette was disabled (Tr. 380), and the ALJ accepted this conclusion. This psychological report did not attempt to separate Robinette's drug and alcohol

1: 07 CV 2141                                                                           11

addiction from the evidence of affective disorder, so there was no consideration given to whether drug addiction or alcoholism was a contributing factor material to the determination of disability. Under the circumstances, the ALJ's failure to mention this report is at worst harmless error. Accordingly, the Court finds the determination denying disability insurance and supplemental income benefits to have been supported by substantial evidence.

      However, there is the issue of the Commissioner's motion for remand. The Commissioner appears to insist on rethinking the denial of benefits, and although this denial of benefits is supported by substantial evidence and in this Court's view the denial did apply the facts under appropriate law, the Court will accede to the Commissioner's request because a "second bite of the apple" will not prejudice Robinette.

## *CONCLUSION*

      For the foregoing reasons based on the arguments presented, the record in this matter and applicable law, the undersigned finds that the Commissioner's decision denying disability insurance benefits and supplemental security income benefits to be supported by substantial evidence, but the decision will nonetheless not be affirmed due to the Commissioner's motion for remand under the fourth sentence of 42 U.S.C. §405(g). Accordingly, the Commissioner's motion

1: 07 CV 2141                                    12

for remand is granted and the denial of benefits is reversed and remanded to enable the Commissioner to conduct a *de novo* hearing and issue a new decision.

                                                                                                s/James S. Gallas  
                                                                                            United States Magistrate Judge

Dated: September 30, 2008